IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Joel Garcia-Calderon, | )<br>) |
| Plaintiff, | ) Civil Action No. 9:18-cv-02947-TMC<br>) |
| vs. | )<br>) |
| FCI Edgefield Warden and Recreation Yard Officers and Staff, | ) **ORDER**<br>)<br>) |
| Defendants. | )<br>)<br>) |

Plaintiff Joel Garcia-Calderon ("Plaintiff"), a federal prisoner proceeding *pro se*, brought this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that his constitutional rights were violated by Defendants while he was housed at FCI Edgefield in South Carolina. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(b) (D.S.C.). On April 19, 2019, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 25). Plaintiff filed his response in opposition to Defendants' motion, after the time to do so had run, on June 14, 2019. (ECF No. 32). Upon receiving Plaintiff's response, the magistrate judge issued a text order limiting consideration of Defendants' motion to whether Plaintiff's case should be dismissed for failure to exhaust his administrative remedies. (ECF No. 33). The court gave also Plaintiff additional time to file another response to Defendants' motion limited to the issue of exhaustion of remedies, *id*., which Plaintiff did on July 22, 2019, (ECF No. 38). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant's motion to dismiss. (ECF No. 41). Plaintiff filed objections to the Report. (ECF No. 44). This matter is now ripe for review.

1

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 41). The recommendations set forth in the Report, however, have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although Plaintiff filed objections to the Report, none of his objections specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 44). The objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's

2

claims. *See id*. Nevertheless, liberally construing the objections, Plaintiff asserts the magistrate judge was incorrect in finding that he failed to exhaust his administrative remedies. *See* (ECF No. 44). In particular, Plaintiff merely restates the allegations made in his opposition to Defendants' motion that Defendants prevented him from utilizing the administrative grievance process by repeatedly transferring him to different prisons and failing to provide him the necessary forms. *See id*.; (ECF No. 41 at 9–10). As noted by the magistrate judge, however, "the documentary evidence presented (including Plaintiff's own exhibits) shows that Plaintiff filed an administrative grievance (although his filing was manifestly out of time) and was repeatedly provided with written instructions on what he needed to do and how to complete the administrative grievance process, but that he simply failed to do so." (ECF No. 41 at 9–10). Accordingly, Plaintiff's objections have no merit.

Thus, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the Magistrate Judge's Report, (ECF No. 41), and incorporates it herein. Accordingly, Defendants' Motion to Dismiss (ECF No. 25) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 28, 2020

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.